UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KAREEM K. KIRK,**

    **Plaintiff,**

v.                                                               Case No. 8:07-CV-566-T-23EAJ

**BATES ELECTRIC,**
**BILL GOLDTHORP,**
**ED COURTNEY,**
**PEDRO ORTIZ,**
**and LOU CARDONA,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Affidavit of Indigence** (Dkt. 11), filed June 12, 2007, which the court construes as Plaintiff's second renewed motion for leave to proceed in forma pauperis.[1] This matter has been referred to the undersigned for consideration and a Report and Recommendation. See Local Rules 6.01(b) and 6.01(c), M.D. Fla.

**I.**     **Factual Background**

Plaintiff filed a pro se complaint on April 2, 2007, alleging racial and age discrimination at the hands of his former employer, Bates Electric, and certain of its employees (Dkt. 1). Plaintiff also asserts claims for conspiracy and "negligent of duties."

Plaintiff states that he is an African-American male who was hired by Bates Electric on May 12, 2006 as an electrician's helper (Dkt. 1 at 2). According to Plaintiff, he was exposed to a hostile

---

[1] On April 30, 2007, this court denied Plaintiff's first motion to proceed in forma pauperis without prejudice to file an amended affidavit of indigency or pay the filing fee to continue the action (Dkt. 6). On May 15, 2007, this court denied without prejudice Plaintiff's first renewed motion to proceed in forma pauperis because the affidavit of indigency was incomplete (Dkt. 8). On June 5, 2007, this court deferred ruling on Plaintiff's second renewed motion to proceed in forma pauperis to allow Plaintiff one final opportunity to file an amended affidavit of indigency (Dkt. 10).

work environment, which included the use of racial epithets toward Plaintiff, after Plaintiff questioned his supervisor about denying Plaintiff a pay raise. Plaintiff further alleges that Defendant Bates Electric, his supervisor, Defendant Courtney, and the owner of Bates Electric, Defendant Goldthorp, agreed that they would deprive Plaintiff of his employment rights and conspired to terminate Plaintiff (Dkt. 1 at 8-9). Finally, Plaintiff contends that Bates Electric breached a duty owed to Plaintiff to maintain a non-discriminatory work environment and to keep the working place safe from members of the Latin Kings, a street gang (Dkt. 1 at 16).

Plaintiff has filed an affidavit of indigency (Dkt. 11) as a request to proceed with these claims in forma pauperis.

## II.    Legal Standards

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989) (citation omitted). A trial court has wide discretion in determining whether to grant or deny a motion filed pursuant to § 1915. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004) (citations omitted). When presented with a motion to proceed in forma pauperis, the court should first consider only "whether the statements in the affidavit satisfy the requirements of poverty," and the court should accept the statements in the affidavit as true absent a serious misrepresentation. Id. at 1307 (citations omitted). A litigant need not be "absolutely destitute" to qualify as indigent for purposes of § 1915. Id.

Once the court has determined the economic status of the litigant, § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez, 364 F.3d at 1307 (citation omitted). A frivolous claim is one that lacks an arguable basis in either law

or in fact. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001) (citations omitted). If factual allegations are "clearly baseless" or the legal theories presented are "indisputably meritless," a claim is frivolous. Id. Unsupported conclusory factual allegations may also be "clearly baseless." Cotrich v. Nicholson, 2006 U.S. Dist. LEXIS 91847, * 9 (M.D. Fla. Dec. 6, 2006).[2]

Alternatively, Fed. R. Civ. P. 12(b)(6) standards govern the dismissal of complaints under § 1915(e)(2)(B)(ii) for failure to state a claim. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Under this standard, the court should dismiss a complaint only if it appears beyond doubt that the litigant can prove no set of facts that would entitle her to relief on her claims. See id. In addition to construing the complaint in the light most favorable to the plaintiff, the court should construe the complaint more liberally in a pro se action. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted).

### III.  Discussion

It is first necessary to determine whether Plaintiff satisfies the eligibility requirements to proceed in forma pauperis. The court will then evaluate whether Plaintiff's complaint should be dismissed for any of the reasons set forth in § 1915(e)(2)(B).

The court finds that Plaintiff is indigent for purposes of § 1915. Plaintiff asserts that he has been unemployed since September 27, 2006 and that he has no cash in bank accounts, prisoner accounts, financial institutions or other repositories. Plaintiff was incarcerated from October 8, 2006 to April 12, 2007 and owes court and probation costs totaling $1,375.00. Plaintiff further states that he is receiving welfare aid monthly in the amount of $35.00 and unemployment bi-weekly in the amount of $248.00. Plaintiff lives with his mother and pays $80.00 per month in rent. Plaintiff

---

[2] In Martinez, the Eleventh Circuit noted that the district court should provide a litigant with an opportunity to amend his or her complaint before dismissing the action as frivolous. 364 F.3d at 1308 n.7.

contributes approximately $200.00 per month toward his son's support. When viewing Plaintiff's monthly liabilities and expense in light of his income, the court finds that Plaintiff has shown the requisite inability to pay.

However, Count I of the complaint should be dismissed as to the individual defendants for failure to state a claim upon which relief may be granted. Likewise, Counts II and III should be dismissed against all defendants for failure to state a claim upon which relief may be granted.

    A.    <u>Employment Discrimination Claim</u>

Plaintiff's first claim, although labeled "employment discrimination," attempts to assert a claim for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3. According to Plaintiff, he verbally complained to Defendants Goldthorp and Courtney concerning other employees' use of racial epithets toward Plaintiff and belittlement because of Plaintiff's age (Dkt. 1 at 12). In turn, Plaintiff alleges, Defendants terminated Plaintiff on pretextual grounds (<u>Id.</u> at 13).

As a preliminary matter, the employment discrimination claim must be dismissed as against the individual defendants because there is no cause of action against an individual under Title VII. <u>Dearth v. Collins</u>, 441 F.3d 931, 933 (11th Cir. 2006) (expressly holding that relief under Title VII is available against only employers and not against individual employees). As such, Count I should be dismissed as to the individual defendants in this case.

When viewing the complaint in the light most favorable to Plaintiff, the court cannot find that Plaintiff could prove no set of facts that would entitle him to recovery against Defendant Bates Electric on the retaliation claim. "To state a claim of retaliation under Title VII, a plaintiff must allege that he engaged in statutorily protected activity by opposing a practice made unlawful by Title VII, that an adverse employment action occurred, and that the adverse action was causally related to the plaintiff's protected activities." <u>Ivey v. Paulson</u>, No. 6:07-CV-478-ORL-22DAB, 2007 WL 1129001, * 3 (M.D. Fla. Apr. 16, 2007) (citation omitted). In a case where a plaintiff alleges racial

4

harassment by a co-worker as the unlawful practice under Title VII, the employer can only be liable if the employer knows of the plaintiff's opposition to the harassment and fails to take remedial action. See Little v. United Technologies, Carrier Transicold Div., 103 F.3d 956, 959-60 (11th Cir. 1997). Here, Plaintiff has alleged that he reported the harassment to his supervisor and the owner of the company and that, in turn, he was terminated on pretextual grounds. Thus, Count I should be allowed to proceed against Defendant Bates Electric only.

      B.      Conspiracy and Negligent of Duties Claims

Plaintiff's claims for conspiracy and "negligent of duties" must be dismissed against all defendants for failure to state a claim upon which relief may be granted. Plaintiff's conspiracy claim, which alleges that Defendants Bates Electric, the company's owner Defendant Goldthorp, and the company's servant/agent/employee Defendant Courtney reached an agreement to deprive Plaintiff of his employment rights under Title VII, fails due to the intracorporate conspiracy doctrine. Pursuant to this doctrine, "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir. 2000) (en banc). Because "the acts of a corporation's agents are considered to be those of a single legal actor . . ., it is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself. Id. (internal citations omitted). Therefore, no conspiracy could arise between these defendants as a matter of law. See also Lapar v. Potter, 395 F. Supp. 2d 1152, 1157 (M.D. Fla. 2005).

Plaintiff's negligent of duties claim alleges that Defendant Bates Electric and owner-Defendant Goldthorp owed Plaintiff a duty to maintain a non-discriminatory and safe work environment. Specifically, Plaintiff alleges that Defendants owed Plaintiff a duty to keep the workplace safe from Latin Kings Street Gang members and that Defendants breached that duty.

Plaintiff has not pleaded the required elements and facts necessary to support a cause of

action for negligence against his employer; further, it is unclear what type of negligence claim Plaintiff is asserting. Under Florida law, an employer owes a duty to provide its employee with "a safe place in which to work, reasonably safe machinery, tools and implements to work with, and suitable and competent fellow servants to work with him." Dearing v. Reese, 519 So. 2d 761, 762-63 (Fla. 1st DCA 1988) (citations omitted). However, Plaintiff's complaint could also be construed as attempting to assert a claim for negligent hiring; in that case, he must demonstrate that "(1) the employer was required to make an appropriate investigation of the employee and failed to do so; (2) an appropriate investigation would have revealed the unsuitability of the employee for the particular duty to be performed or for employment in general; and (3) it was unreasonable for the employer to hire the employee in light of the information he knew or should have known." Malicki v. Doe, 814 So. 2d 347, 362 (Fla. 2002) (citation omitted). Under either cause of action, Plaintiff's claim fails as he has not alleged injury as a result of Defendants' conduct.

Plaintiff states that on one occasion, a supervisor named Lou "approach[ed] the Plaintiff displaying his arm to let me . . . know that he was a member of the Latin Kings Street Gang . . . the tatooto [sic] was a skull with a kings crown on top of its head" (Dkt. 1 at 6). Even taking all of the allegations in Plaintiff's complaint as true, there are no factual statements that would support his claim for negligence. Moreover, Plaintiff's complaint does not specify what Defendants' conduct was that caused injury to Plaintiff or how Plaintiff was injured as a result of Defendants' alleged conduct. Therefore, Count III of Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)  Plaintiff's motion to proceed in forma pauperis be **GRANTED**;

(2)  Count I of Plaintiff's complaint be allowed to proceed as against Defendant Bates Electric only and **DISMISSED** for failure to state a claim as against the individual defendants;

(3)  Counts II and III of Plaintiff's complaint be **DISMISSED** as against all defendants for failure to state a claim upon which relief may be granted;

(4)  Plaintiff be **DIRECTED** to file an amended complaint consistent with the foregoing within twenty (20) days or the case be dismissed;

(5)  upon the filing of Plaintiff's amended complaint the Clerk be **DIRECTED** to send Plaintiff the appropriate summons forms; and

(6)  Plaintiff be **DIRECTED** to complete and return the summons forms to the Clerk within twenty (20) days, whereupon the United States Marshal be **DIRECTED** to serve process in this case upon the appropriate parties.

**Date: July 3, 2007.**

_____
ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b).

Copies to:
Pro se Plaintiff
District Court Judge

7